UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AZA POOLED REAL ESTATE, LLC, a
Michigan limited liability company,

        Plaintiff,

v.

KAPAA DEVELOPMENT ASSOCIATES, II,
LLC, a Hawaii limited liability company,
LAURENCE H. SMITH, MITCHELL T.
HELLER, and PATRICIA MEADOWS,

        Defendants.

Case No: 2:12-cv-10980-NGE-MAR
Hon. Nancy G. Edmunds

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO COMPEL DEPOSITIONS

Kapaa Development Associates, II, LLC, Laurence H. Smith, Mitchell T. Heller, and Patricia Meadows (collectively the "Defendants") respond to Plaintiff's Motion to Compel Depositions as follows:

1. Plaintiffs' Motion to Compel is unnecessary. Defendants have provided dates for all three witnesses that Plaintiff seeks to depose.

2. As Plaintiff concedes in its motion, Defendants have provided a date for Patricia Meadows' deposition. This date of June 21 has been confirmed and a notice has been issued. *See* Exhibits A (emails) and B (notice).

3. Plaintiff nonetheless seeks a preemptive order compelling her attendance at the deposition. Such a request is entirely inappropriate – there is no grounds for a preemptive order requiring a witness's attendance at a noticed deposition for which she has agreed to appear.

4. Plaintiff suggests that such an order could not be secured after the fact if, as it (needlessly) worries, Ms. Meadows does not appear.

5. Plaintiff does not say why such an order would be impossible to secure. Presumably, though, it is concerned that the Court would not issue such an order after the Court's designated close of discovery, currently June 3.

6. Such a concern is unwarranted. First, Plaintiffs have moved for a sixty-day extension of discovery. *See* Dkt. No. 65. If granted, this would render moot any concern about an inability to move to compel after the current June 3 cutoff.

7. Even if the Court does not grant the motion, it is difficult to imagine that the Court would punish Plaintiff for accommodating a post-cutoff deposition. While Plaintiff may have a valid reason for opposing any post-June 21 motion to compel Ms. Meadow's deposition, the prior passage of the cutoff date would not be one of them.

8. Defendants have also provided Plaintiff with deposition dates for Mr. Smith and Mr. Heller of June 17th or 18th. *See* Exhibit C. Contrary to Plaintiff's prior willingness, regarding Ms. Meadows, to conduct a post-June 3 deposition, Plaintiff has refused this date and insisted on a date on or before June 3. *See* Exhibit D.

9. It is impossible to accommodate this request because counsel for Defendants is currently in trial, and the trial is scheduled to continue until at least June 3.

10. Plaintiff's refusal to accommodate counsel is unreasonable, for the same reasons that it is unreasonable for Plaintiff to seek a preemptive order compelling Ms. Meadow's appearance at her deposition: Plaintiff has moved to extend discovery, and, even if the motion is denied, the Court would not punish Plaintiff for conducting these depositions after June 3.

11. In short, Defendants have agreed to produce the witnesses that Plaintiff seeks to depose. Its motion is utterly unnecessary.

12. In fact, the Motion seems designed to harass Defendants, since Plaintiff makes a point of emphasizing the fee-shifting provision of Fed.R.Civ.P. 37.  Of course, the provision in question provides that "[i]f the motion [to compel] is granted- or if the disclosure or requested discovery is provided after the motion is filed the court must, after giving an opportunity to be heard, require the party or deponent whose conduct *necessitated* the motion, the party or the attorney advising the conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney fees." Fed. R. Civ. P. 37(a)(5)(A)(emphasis added).  Here, since the motion was entirely *unnecessary*, the rule does not apply.

WHEREFORE, Defendants request that the Court Deny Plaintiff's Motion to Compel Depositions.

                                  Respectfully submitted,

                                  **THE MILLER LAW FIRM, P.C.**

*/s/ Sharon S. Almonrode*
Sharon S. Almonrode (P33938)
Christopher D. Kaye (P61918)
Attorneys for Defendants
950 W. University Dr., Ste. 300
Rochester, Michigan 48307
(248) 841-2200
(248) 652-2852 fax
ssa@millerlawpc.com

Dated: May 24, 2013

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

AZA POOLED REAL ESTATE, LLC, a
Michigan limited liability company,                       Case No: 2:12-cv-10980-NGE-MAR
                                                          Hon. Nancy G. Edmunds
       Plaintiff,

v.

KAPAA DEVELOPMENT ASSOCIATES, II,
LLC, a Hawaii limited liability company,
LAURENCE H. SMITH, MITCHELL T.
HELLER, and PATRICIA MEADOWS,

       Defendants.
_____

**BRIEF IN SUPPORT OF DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO COMPEL DEPOSITIONS**

For the reasons set forth in the attached Response, Plaintiff's Motion to Compel Depositions.

       Respectfully submitted,

       **THE MILLER LAW FIRM, P.C.**

       */s/ Sharon S. Almonrode*
       Sharon S. Almonrode (P33938)
       Christopher D. Kaye (P61918)
       Attorneys for Defendants
       950 W. University Dr., Ste. 300
       Rochester, Michigan 48307
       (248) 841-2200
       (248) 652-2852 fax
       ssa@millerlawpc.com

2

**CERTIFICATE OF SERVICE**

I hereby certify that on May 24, 2013 I filed the foregoing document using the electronic filing system which will service all parties of record electronically.